JAMES DULANEY, PLAINTIFF-APPELLANT, v. CIVIL SER-
VICE COMMISSION OF THE STATE OF NEW JERSEY,
NEW JERSEY STATE HOSPITAL AND JOHN M. SAVIS,
DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 21, 1964—Decided October 16, 1964.

Before Judges CONFORD, KILKENNY and LEWIS.

*Mr. William L. Brach* argued the cause for appellant (*Messrs. Zucker, Brach & Eichler,* attorneys).

*Mrs. Marilyn H. Loftus-Schauer,* Deputy Attorney General, argued the cause for respondents Civil Service Commission and New Jersey State Hospital, Greystone Park (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

CONFORD, S. J. A. D. Insofar as plaintiff's appeal is based on the denial of a hearing of his grievance by the Civil Service Commission because not demanded within 20 days after the action affecting him, there is no longer any issue because the Commission concedes that *Rule* 65, the limitation provision, was not in effect when plaintiff's claim arose. The Commission now justifies its denial of a hearing on grounds of plaintiff's laches. We have decided this appeal ought to be determined on the merits of the important question of veteran's preference argued by the parties, and we therefore pass the issue of laches. The parties agree that the record contains all the facts needed to decide the meritorious question—essentially one of law.

On November 2, 1959 the State Department of Civil Service (Civil Service or Commission, hereinafter) announced an open competitive examination for the position of Foreman, Upholstery Shop. That examination was conducted April 8, 1960. It was not taken by plaintiff, but was by defendant Savis. As a result Savis, who is not a veteran, was listed No. 6 on a list of eligibles promulgated by the Commission for appointment to the position, being preceded on the list by five veterans entitled to preferential listing by statute. The list was originally to remain effective until May 18, 1962, but by resolution of the Commission on April 24, 1962 it was lawfully extended to November 18, 1962.

At the request of an appointing authority, New Jersey State Hospital, Greystone Park, Civil Service announced and conducted another open competitive examination for the same

position on September 19, 1962. The employment list of eligibles resulting from that examination ranked plaintiff, who is a disabled veteran, in first place, another disabled veteran second, and defendant Savis in fourth place. The appointing authority thereupon requesting the certification of a list of eligibles for appointment to the position, the Commission on November 5, 1962 certified a list as follows:

1. Joseph P. Calabrese (a veteran)
2. John M. Savis
3. James Dulaney (a disabled veteran)

Calabrese declining appointment, the hospital appointed Savis to the position November 15, 1962. The appointment was approved by the Chief Examiner of the Commission December 6, 1962.

Plaintiff contends that in by-passing him and appointing Savis there was a violation of the statutory preference of veterans (particularly disabled veterans). The Commission argues that the creation of the second employment list during the life of the first list was only to provide a pool of three or more certifiable eligibles for the convenience of the appointing authority (the earlier list having apparently become partially depleted because of subsequent unavailability or disinterest in the position for one reason or another). It is contended, therefore, that combining the two lists for that purpose did not derogate from the ordinary right of the persons on the earlier list to absolute priority of appointment (so long as the earlier list remained in effect) as against the names on the second list, regardless of whether any of the latter were veterans or disabled veterans.

Plaintiff relies upon *N. J. S. A.* 11:27-4 and 11:27-5. The former provides that the appointing authority shall appoint one of the three persons certified as eligible (who must be the three highest on the register willing to accept appointment), provided that if a veteran or veterans is or are so certified, he, or the one of them who stands highest on the list, must be appointed. The second section cited provides that disabled

veterans take precedence over non-disabled veterans. It is plain, however, that in so legislating, the lawmakers were contemplating the ordinary situation of a single list of eligibles extant. A problem of legislative construction is presented where two lists have been promulgated at different times as a result of successive examinations and neither list has expired. Is it the legislative scheme that the first list loses its chronological priority as a whole merely because a second list has been formed to meet the public need created by the partial depletion of the first list, as here? There is no decision directly in point. It is to be noted that plaintiff does not contend that Savis waived his prior rights as a member of the first list by taking the examination leading to his inclusion on the second list.

The only legislative reference to the circumstance of multiple employment lists for a specific position cited by the parties is *R. S.* 11:9–10. This reads:

"The chief examiner and secretary shall, at the time an employment list is promulgated, provide by regulation, approved by the commission, the period during which this list shall remain in force. No employment list shall be promulgated for a period less than six months nor greater than three years. The chief examiner and secretary may, with the approval of the commission, extend the period during which an employment list remains in force, by action taken before the expiration of the list and entered in the minutes of the commission together with his statement as to the reasons therefor. The chief examiner and secretary shall provide by rule, approved by the commission, *for the consolidation*, continuation and cancellation of employment lists and for the removal of names, for good cause, therefrom." (Emphasis added)

Pursuant thereto *Rule* 39 was adopted by the Civil Service Commission. This provides, in pertinent part:

"In case there is an existing employment list for any class when as a result of competitive tests a subsequent employment list for the same class is established the two lists may be combined and the names of eligibles entered on the combined employment list in the order of their respective weighted scores or ratings, except that no employment list shall be consolidated with a list subsequently established within one year from the date of its promulgation. Any portion of the com-

bined employment list shall be automatically cancelled and the names removed therefrom at the expiration of the period for which such list was originally approved unless continued in force as herein provided."

Ambiguities are at once apparent in the foregoing. At first blush the rule seems to call for intermeshing the names from the two lists in the order of examination scores achieved. But the Commission argues that this was not the intent, since scores achieved by different sets of applicants examined at different times are not fair comparables. It is pointed out that the type and content of examinations held at different times vary and that scoring is weighted and flexible, the number and quality of persons taking a test being variables, so that a rating of 70 in one examination might be consistent with a better absolute performance than one of 75 in another. See *Kelly v. Civil Service Com.,* 37 *N. J.* 450 (1962). A similar ambiguity arises in respect of whether the statutory preferences for veterans in a single list were intended to be affected by intermeshing when a combination of lists took place under *Rule* 39. The rule mentions the factor of scoring but not that of preferences. It seems clear that if intermeshing was not intended with respect to scores, it was equally beyond contemplation as to veterans' preferences. We conclude from our study of all the statutes involved that the Legislature intended either that intermeshing apply with respect to both factors or as to neither.

The Commission has submitted proof in affidavit form that its practical construction of the statutes and *Rule* 39 in the respects here contested now and for at least ten years past has been for combining lists only by "addition" of the subsequent list to the prior list, each list preserving the internal statutory priorities as to scoring ratings and veterans' status, but not by intermeshing names to reflect priorities, although there are indications of conflicting practices in the Commission in this regard previously.

It is of interest that in 1924 the then Attorney General, Edward Katzenbach, gave an opinion to the Commission that a disabled veteran on a later list should not be accorded prior-

ity as against a non-disabled veteran on a still outstanding prior list for the same position (in county service). He said: "The establishment of a new list is always by reason of the fact that the old list has become nearly exhausted, and that it is always advisable to have sufficient names on the eligible list to meet all requirements." Nevertheless, "a veteran with a record of disability, and whose name appears upon the second list of eligibles, has no right to displace one of the veterans [non-disabled] who appeared upon the old or first eligible list; and this notwithstanding the provisions of chapter 52 of the Laws of 1922, that a disabled veteran shall be placed at the top of the eligible list * * *."

We find no persuasive consideration in the civil service statutes or in the legislative or constitutional policy for veterans' preference (permissive; *Art.* 7, § 1, *par.* 2, *Constitution of* 1947) to justify the conclusion of an intent that a veteran newly certified as eligible for a position as a result of a later examination should automatically displace a non-veteran already holding a status of eligibility for the position on a list still in force as the result of passing an earlier examination. The veteran, or the disabled veteran, of course retains the statutory preference as against all others appearing simultaneously on a single employment list arising from a common examination. He is entitled to no more. We consequently conclude that plaintiff was not entitled to preference as against Savis in the ultimate certification of eligibles but rather the contrary.

The order of the Civil Service Commission is affirmed. No costs.